UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

JUANITA MOTON, individually, and on behalf of others similarly situated,

          Plaintiffs,

   v.

WILLIAMS LEA LLC

          Defendant.

------------------------------------------------------------------- X

Case No. 1:26-cv-02811-DEH

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Dated: June 26, 2026

Of Counsel:

SEYFARTH SHAW LLP
Noah A. Finkel (pro hac vice)
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
(T) (312) 460-5000

Kyle D. Winnick
620 Eighth Avenue
New York, New York 10018
(T) (212) 218-5500

*Attorneys for Defendant*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .................................................................................................................... 2

      I.      Plaintiff's Conclusory Allegations.......................................................................... 2

      II.     Procedural History ................................................................................................. 3

ARGUMENT.......................................................................................................................... 4

      I.      Standard of Review................................................................................................. 4

      II.     Plaintiff Failed to Plausibly Allege a NYLL Non-Overtime Wage
             Violation (Third Cause of Action)............................................................................ 4

      III.    Plaintiff Fails to State a Pay Frequency Claim (Fourth Cause of Action).............. 6

      IV.    Plaintiff's Wage Notice and Inaccurate Wage Statement Claims Must be
             Dismissed (Fifth and Sixth Causes of Action)........................................................ 7

      A.     Plaintiff failed to plausibly plead Article III standing ........................................... 7

      B.     Even if Plaintiff has standing, her wage notice claim is time-barred,
             legally defective, and implausible........................................................................ 10

CONCLUSION..................................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................4

*Ayala v. Looks Great Servs., Inc.*,
2016 WL 3541548 (E.D.N.Y. June 23, 2016) .........................................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................................4

*Brathwaite v. Martini Collections Inc.*,
2025 WL 99108 (S.D.N.Y. Jan. 14, 2025), *R&R adopted*, 2025 WL 448040
(S.D.N.Y. Feb. 10, 2025).........................................................................................9

*Calcano v. Swarovski N. Am. Ltd.*,
36 F.4th 68 (2d Cir. 2022) ......................................................................................4

*Canelas v. A'Mangiare Inc.*,
2015 WL 2330476 (S.D.N.Y. May 14, 2015) ........................................................10

*Chen v. Lilis 200 W. 57th Corp.*,
2023 WL 2388728 (S.D.N.Y. Mar. 7, 2023) ...........................................................9

*Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l.*,
790 F.3d 411 (2d Cir. 2015).....................................................................................4

*Dorio v. Cmty. Hous. Mgmt. Corp.*,
88 Misc. 3d 1202(A), 245 N.Y.S.3d 921 (N.Y. Sup. Ct. 2026)...............................7

*Fangrui Huang v. GW of Flushing I, Inc.*,
2019 WL 145528 (E.D.N.Y. Jan. 9, 2019) .............................................................5

*Fearon-Gallimore v. Gottlieb*,
2017 N.Y. Slip. Op. 32822(U) (N.Y. Sup. Ct. 2017) ..............................................6

*Gomez v. NYHS Design Inc.*,
2022 WL 4284143 (S.D.N.Y. Sept. 16, 2022), *R&R adopted*, 2022 WL
6175174 (S.D.N.Y. Oct. 6, 2022) ............................................................................5

*Guthrie v. Rainbow Fencing, Inc.*,
113 F.4th 300 (2d Cir. 2024) ...........................................................................2, 8, 9

*Gutierrez v. Bactolac Pharm., Inc.*,
210 A.D.3d 746 (2d Dep't 2022).............................................................................6

*Lock v. Costco Wholesale Corp.*,
2024 WL 4728594 (E.D.N.Y. Nov. 8, 2024)..................................................................9

*Mendoza v. Cornell Univ.*,
215 A.D.3d 590 (1st Dep't 2023) ..............................................................................1, 4

*Neor v. Acacia Network, Inc.*,
2023 WL 1797267 (S.D.N.Y. Feb. 7, 2023)...................................................................9

*Oram v. Soulcycle*,
979 F. Supp. 2d 498 (S.D.N.Y. 2013).............................................................................5

*Pacheco v. Cath. Guardian Servs.*,
243 A.D.3d 417 (1st Dep't 2025) ..............................................................................1, 7

*Palmer v. Amazon.com, Inc.*,
51 F.4th 491 (2d Cir. 2022) .......................................................................................1, 6

*Rosa v. Park Ave. S. Mgmt. LLC*,
2026 WL 1485256 (S.D.N.Y. Apr. 30, 2026), *R&R adopted*, 2026 WL
1481843 (S.D.N.Y. May 26, 2026)...............................................................................10

*Savor Health, LLC v. Day*,
2022 WL 912236 (S.D.N.Y. Mar. 29, 2022) .................................................................4

*Shi v. TL & CG Inc.*,
2022 WL 2669156 (S.D.N.Y. July 11, 2022) ................................................................9

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)....................................................................................................7, 8

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)........................................................................................................8

*Williams v. Epic Sec. Corp.*,
358 F. Supp. 3d 284 (S.D.N.Y. 2019)............................................................................5

**Statutes**

29 U.S.C. § 206(a) ...............................................................................................................2

Fair Labor Standards Act ..........................................................................................1, 3, 4, 5

New York Labor Law ............................................................................................... *passim*

New York's Wage Theft Prevention Act............................................................................2, 10

NYLL § 161.........................................................................................................................3

NYLL § 191 ................................................................................................................... 1, 6, 7

NYLL § 191(1) ................................................................................................................. 6, 7

NYLL § 191(1)(d) ............................................................................................................... 6

NYLL § 191(b) .................................................................................................................... 6

NYLL § 195 ............................................................................................................... 7, 8, 9

NYLL § 195(1) ............................................................................................................... 9, 10

NYLL § 195(2) .......................................................................................................... 2, 10, 11

NYLL § 195(3) ................................................................................................................... 10

NYLL §§ 198(1-b) ............................................................................................................. 10

NYLL § 198(3) ................................................................................................................... 10

NYLL § 663 ......................................................................................................................... 4

**Other Authorities**

12 NYCRR § 142-2.1(a)(1)(i) .......................................................................................... 2, 5

Fed. R. Civ. P. 12(b)(1) ................................................................................................ 1, 4, 7

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1, 4

## PRELIMINARY STATEMENT

Defendant Williams Lea LLC ("Williams Lea") submits this Memorandum of Law in support of its Motion to Partially Dismiss the First Amended Complaint ("FAC" or "Complaint") pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Despite having a second bite at the apple—and the benefit of reviewing Williams Lea's prior arguments identifying the deficiencies in her claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL")—Plaintiff still fails to adequately plead minimum wage, pay frequency, and wage notice and statement claims. Accordingly, Plaintiff's Third, Fourth, Fifth, and Sixth Causes of Action must be dismissed.

*First*, Plaintiff's minimum wage claim fails at the threshold. Like the FLSA, the NYLL does not recognize so-called "gap-time" claims—i.e., claims for unpaid hours worked below the overtime threshold. To state a minimum wage claim, a plaintiff must plausibly allege that her average hourly rate in at least one workweek fell below the applicable minimum wage—here, at most, $16.50 per hour under the NYLL. Plaintiff alleges no such facts. To the contrary, she affirmatively admits that she was paid hourly rates well above both minimum wage thresholds at all relevant times, rendering her claim facially implausible. *See Mendoza v. Cornell Univ.*, 215 A.D.3d 590, 591–92 (1st Dep't 2023).

*Second*, Plaintiff's pay frequency claim fails as a matter of law. NYLL § 191 governs the timing of wage payments—not whether wages were paid at all. Plaintiff does not allege that Williams Lea paid her at an improper frequency; instead, she improperly repackages her nonpayment-of-wages theory as a § 191 claim. That tactic has been squarely rejected by the Second Circuit and New York appellate courts. *See Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 517 (2d Cir. 2022); *Pacheco v. Cath. Guardian Servs.*, 243 A.D.3d 417, 418 (1st Dep't 2025).

Finally, Plaintiff's wage notice and wage statement claims must be dismissed for lack of Article III standing. The Complaint is devoid of any non-conclusory allegations explaining how Williams Lea's purported failure to provide wage notices or wage statements caused Plaintiff any concrete injury, or how any such injury is fairly traceable to Williams Lea's conduct. Absent allegations of a concrete and particularized harm, Plaintiff's claims amount to nothing more than alleged technical statutory violations, which are insufficient to confer standing. *See Guthrie v. Rainbow Fencing, Inc.*, 113 F.4th 300, 308 (2d Cir. 2024).

Even if Plaintiff could establish standing, her wage notice claim independently fails as a matter of law for multiple reasons. It is predicated on conduct occurring before the enactment of the Wage Theft Prevention Act, rendering it legally deficient; it is separately time-barred under the NYLL's six-year statute of limitations; and, to the extent Plaintiff invokes NYLL § 195(2), she relies on conclusory, boilerplate allegations devoid of any facts identifying a qualifying change or a failure to provide the required notice.

## BACKGROUND

### I.    Plaintiff's Conclusory Allegations[1]

Plaintiff alleges that she worked for Williams Lea from approximately August 2005 through December 2025. (Compl. ¶ 13.) "During the relevant period, Plaintiff was paid at hourly rates of approximately $18.14 to approximately $26.35." (*Id*.) Those rates are well above the applicable minimum wage at all relevant times—$7.25 per hour under federal law and $16.50 per hour in New York City in 2025. *See* 29 U.S.C. § 206(a); 12 NYCRR § 142-2.1(a)(1)(i). Plaintiff thus concedes that she earned wages exceeding the minimum wage by a wide margin.

---

[1] Williams Lea accepts the facts alleged in the First Amended Complaint as true solely for purposes of this motion.  That said, Williams Lea denies, and if necessary will vigorously contest, Plaintiff's allegations.

2

Plaintiff alleges that she worked approximately "1 hour and 45 minutes to 4 hours per week" off-the-clock per week at unspecified times during her employment. (Compl. ¶¶ 15–17.) But she never alleges—let alone plausibly—that in any workweek her admittedly substantial hourly wages fell below the applicable minimum wage.

Plaintiff also alleges that Williams failed to provide her with accurate wage notices and wage statements. (*Id*. ¶¶ 69–73.) Although Plaintiff further claims that "Defendants [sic] failed to furnish [her] . . . notice of any changes to [her] wage notice," she does not identify any such changes or when they occurred. (*Id*. ¶ 70.)

With respect to the alleged injury arising from the purported failure to provide wage notices or accurate wage statements, Plaintiff alleges, in conclusory fashion, that "Defendants' violations deprived Plaintiff of her ability to contest violations, which led to delayed payment of proper wages, and decreased the amount of social security benefit[s] available to Plaintiff as a result of reduced wages reported on employees' W-2s." (*Id*. ¶ 73.) Plaintiff does not explain how the absence of wage notices or accurate wage statements impaired her ability to contest any alleged violations.

## II.    Procedural History

On April 6, 2026, Plaintiff filed her complaint. (ECF No. 1.) Plaintiff served the summons and complaint on April 20, 2026. (ECF No. 7.) On May 8, 2026, Williams Lea moved to dismiss the complaint in its entirety. (ECF No. 9.) On May 29, 2026, in response to the motion to dismiss, Plaintiff amended her complaint, dropping her minimum wage claim under the FLSA and her claim under NYLL § 161, but continuing to assert six other causes of action. (ECF No. 16.)

## ARGUMENT

### I.     Standard of Review

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it, such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (internal citations and quotations omitted). At the motion to dismiss stage, plaintiffs "bear[] the burden of alleging facts that affirmatively and plausibly suggest" they have standing. *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022) (citation omitted).

To survive a Rule 12(b)(6) motion to dismiss, a compliant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id*.

### II.     Plaintiff Failed to Plausibly Allege a NYLL Non-Overtime Wage Violation (Third Cause of Action)

Plaintiff attempts to assert a claim under NYLL § 663 and related provisions for what she characterizes as "unpaid non-overtime" wages, "including minimum and regular wages." (Compl. ¶ 96.) This claim is facially defective and must be dismissed for at least two independent reasons.

*First,* like the FLSA, the NYLL does not recognize "gap-time" claims. *See Mendoza v. Cornell Uni.*, 215 A.D.3d 590, 591-92 (1st Dep't 2023) (NYLL § 663 does not "create[] a right of action for unpaid work absent a minimum wage violation"); *Savor Health, LLC v. Day*, 2022

4

WL 912236, at *7 (S.D.N.Y. Mar. 29, 2022) ("Accordingly, the Court concludes that a 'gap-time' claim that seeks wages owed that exceed the state minimum wage is not cognizable under the NYLL."); *Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284, 301 (S.D.N.Y. 2019) ("In addition, like under the FLSA, Plaintiffs are entitled to recover under the NYLL only if their average hourly pay rate in a given week was below the New York minimum wage rate."); *Fangrui Huang v. GW of Flushing I, Inc.*, 2019 WL 145528, at *5 (E.D.N.Y. Jan. 9, 2019) (same); *Oram v. Soulcycle*, 979 F. Supp. 2d 498, 505-06 (S.D.N.Y. 2013) (same); *see also Gomez v. NYHS Design Inc.*, 2022 WL 4284143, at *3 (S.D.N.Y. Sept. 16, 2022) (not awarding gap-time damages where plaintiff's regular rate was above minimum wage), *R&R adopted*, 2022 WL 6175174 (S.D.N.Y. Oct. 6, 2022).

Accordingly, to the extent Plaintiff's Third Cause of Action seeks recovery for allegedly unpaid straight-time hours in the absence of any minimum-wage violation, it fails as a matter of law and must be dismissed. *See ibid*.

*Second*, to the extent Plaintiff attempts to assert a minimum wage claim, it fails as a matter of law. She must plausibly allege that her average hourly compensation in a given workweek fell below the applicable minimum wage. *See Fangrui Huang*, 2019 WL 145528, at *5. She does not—and cannot—do so.

Even under the most generous assumptions, Plaintiff was paid well above the statutory minimum. Assuming she worked in New York City, the highest applicable minimum wage during the relevant period was $16.50 per hour. *See* 12 NYCRR § 142-2.1(a)(1)(i). Plaintiff admits that she earned between $18.14 and $26.35 per hour—far exceeding that threshold.

Nor do Plaintiff's vague and unsupported allegations of off-the-clock work salvage her claim. Even crediting her assertion that she worked between "1 hour and 45 minutes to 4 hours

per week" without pay, her total weekly compensation would still remain comfortably above minimum wage. (Compl. ¶ 17.) For example, assuming Plaintiff worked four unpaid hours in a week (equating to $66 at minimum wage) and was paid an average hourly rate of $22.25 for a 40-hour workweek, she would have earned approximately $229.80 above the minimum wage floor—more than sufficient to offset the alleged unpaid time (*e.g.*, $66 for four hours).

In short, Plaintiff pleads neither a cognizable gap-time claim nor a plausible minimum-wage violation under the NYLL. Her conclusory allegations are insufficient to state a claim, and her Third Cause of Action therefore must be dismissed in its entirety.

### III.    Plaintiff Fails to State a Pay Frequency Claim (Fourth Cause of Action)

Plaintiff's Fourth Cause of Action attempts to state a pay frequency claim under NYLL § "191(b)". (*See* Compl. ¶ 102.)   That citation is plainly incorrect—NYLL § 191 contains no subsection "(b)."  Presumably, Plaintiff intended to invoke § 191(1)(d), as her allegations loosely track that provision's language.  Regardless, her pay frequency claim fails as a matter of law.

*First*, Plaintiff does not allege, however, that Williams Lea paid her at intervals other than those mandated by § 191(1). Instead, she claims that Williams Lea failed to pay her "proper wages for all hours worked" and failed "to reimburse business expenses" incurred by her. (Compl. ¶ 105.)  In other words, Plaintiff alleges nonpayment of wages—not improper frequency of payment.

That is fatal to her claim.  NYLL § 191 "pertain[s] to frequency of pay . . . not unpaid wages." *Gutierrez v. Bactolac Pharm., Inc.*, 210 A.D.3d 746, 748 (2d Dep't 2022). It is not a "vehicle for collecting allegedly unpaid overtime [or other] wages." *Fearon-Gallimore v. Gottlieb*, 2017 N.Y. Slip. Op. 32822(U) (N.Y. Sup. Ct. 2017). Accordingly, to the extent Plaintiff's Fourth Cause of Action is predicated on alleged off-the-clock work, wage underpayment, or unreimbursed expenses—as it plainly is—it fails as a matter of law and must

be dismissed. *See Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 517 (2d Cir. 2022) ("As we explained in *Myers v. Hertz Corp.*, however, plaintiffs may not use Labor Law § 191 to seek unpaid wages to which they claim to be entitled under a statute."); *Pacheco v. Cath. Guardian Servs.*, 243 A.D.3d 417, 418 (1st Dep't 2025) (reversing trial court and dismissing § 191 claim where plaintiff only alleged nonpayment of wages); *Dorio v. Cmty. Hous. Mgmt. Corp.*, 88 Misc. 3d 1202(A), 245 N.Y.S.3d 921 (N.Y. Sup. Ct. 2026) (dismissing pay frequency claim predicated on non-payment of wages).

*Second*, Plaintiff's purported pay frequency claim independently fails because she does not plausibly plead the basic elements of such a claim. She does not identify which subsection of NYLL § 191(1) applies to her, does not allege how frequently she was actually paid, and does not plead any non-conclusory facts suggesting a violation of the statute's pay-frequency requirements. This complete absence of factual support provides an independent basis for dismissal. *See Pacheco*, 243 A.D.3d at 418 (dismissing NYLL § 191 claim on alternate ground that the plaintiff failed to sufficiently allege that "she is a clerical worker entitled to the protections of section 191").

Accordingly, Plaintiff's Fourth Cause of Action must be dismissed.

## IV. Plaintiff's Wage Notice and Inaccurate Wage Statement Claims Must be Dismissed (Fifth and Sixth Causes of Action)

### A. Plaintiff failed to plausibly plead Article III standing

Plaintiff's Fifth and Sixth Causes of Action—purporting to assert wage notice and wage statement claims under NYLL § 195—fail at the threshold for lack of Article III standing and must be dismissed under Rule 12(b)(1).

To establish Article III standing, a plaintiff must plausibly allege that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that

is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Plaintiff satisfies none of these requirements in any meaningful way. At a minimum, she plainly fails to allege a concrete injury or any causal nexus between the alleged statutory violations and purported harm.

The Supreme Court has made clear that "a bare procedural violation, divorced from any concrete harm," cannot satisfy the injury-in-fact requirement. *Id*. Moreover, where—as here—a plaintiff alleges an informational injury, she must establish "downstream consequences" resulting from the failure to receive the required information. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 442 (2021).

The Second Circuit has applied these principles squarely to NYLL § 195 claims. In *Guthrie v. Rainbow Fencing Inc*., 113 F.4th 300 (2d Cir. 2024), the court held that a plaintiff cannot rely on "technical violations" of the Labor Law, but must allege "actual injuries suffered as a result of the alleged . . . wage notice and wage statement violations." *Id*. at 305 (citation omitted). This requires pleading "some causal connection between the lack of accurate notices and the alleged downstream harm," as well as "a plausible theory as to how [the plaintiff] was injured by defendants' failure to provide the required documents." *Id*. at 308–09. Plaintiff's allegations fall woefully short of this standard.

The Complaint is devoid of any non-conclusory allegation explaining how Williams Lea's purported failure to furnish wage notices or wage statements caused Plaintiff any concrete injury—let alone one fairly traceable to its conduct. Despite having had multiple opportunities to plead her claims, Plaintiff offers nothing more than the conclusory assertion that "Defendants' [sic] violations deprived Plaintiff of her ability to contest violations," which purportedly led to

8

underpayment. (Compl. ¶ 73.) This is precisely the type of speculative, boilerplate allegation that courts routinely reject.

Critically, Plaintiff never explains how any alleged defect in wage notices or statements caused her inability to challenge her pay. With respect to wage notices, NYLL § 195(1) does not require disclosure of hours worked at all, making it implausible, if not nonsensical, to claim that any deficiency in such notices "deprived" her of the ability to contest alleged off-the-clock work.

Nor do Plaintiff's allegations concerning wage statements cure this defect. To the extent she is suggesting that her wage statements inaccurately reflected her hours worked (and even that remains unclear), such discrepancies would have alerted her to any alleged underpayment. Far from causing harm, the purported inaccuracies would have facilitated the very challenge she claims she was unable to bring. Courts have repeatedly rejected such theories. *See Neor v. Acacia Network, Inc.*, 2023 WL 1797267, at \*4 (S.D.N.Y. Feb. 7, 2023) (dismissing wage statement claims for lack of standing because "[t]he inaccuracies in the wage statements would immediately alert the Plaintiffs to the fact that they were not being properly compensated by Acacia."); *see also Shi v. TL & CG Inc.*, 2022 WL 2669156, at \*9 (S.D.N.Y. July 11, 2022) (concluding that a plaintiff lacked standing to bring wage notice and statement claims under the NYLL because his allegations that defendants' violations "facilitated" his underpayment stated only "hypothetical" harm); *Chen v. Lilis 200 W. 57th Corp.*, 2023 WL 2388728, at \*8 (S.D.N.Y. Mar. 7, 2023) (same).

In short, Plaintiff's claims rest on nothing more than alleged technical violations of NYLL § 195, untethered to any concrete injury. That is insufficient as a matter of law. *Guthrie*, 113 F.4th at 306; *see Brathwaite v. Martini Collections Inc.*, 2025 WL 99108, at \*7 (S.D.N.Y. Jan. 14, 2025) (dismissing NYLL § 195 claims where complaint failed to allege concrete

injuries), *R&R adopted*, 2025 WL 448040 (S.D.N.Y. Feb. 10, 2025); *Lock v. Costco Wholesale Corp.*, 2024 WL 4728594, at *4 (E.D.N.Y. Nov. 8, 2024) (same).

Thus, Plaintiff's Fifth and Sixth Causes of Action must be dismissed for lack of standing.

**B.    <u>Even if Plaintiff has standing, her wage notice claim is time-barred, legally defective, and implausible</u>**

Even assuming that Plaintiff has adequately alleged an injury sufficient to confer standing, her wage notice claim independently fails for multiple, independently dispositive reasons and must be dismissed.

*First*, New York's Wage Theft Prevention Act, which codified NYLL §§ 195(1), did not take effect until April 9, 2011, well after the time of Plaintiff's hire. *Ayala v. Looks Great Servs., Inc.*, 2016 WL 3541548, at *3 (E.D.N.Y. June 23, 2016). Courts routinely dismiss wage notice claims predicated on conduct occurring before that date because no such statutory obligation existed. *See id.* (collecting authorities); *see also Canelas v. A'Mangiare Inc.*, 2015 WL 2330476, at *5 (S.D.N.Y. May 14, 2015) ("But, as with the WTPA's wage notice provision, an employee may not recover for wage statement violations that occurred before April 9, 2011."). Plaintiff alleges that she was hired in August 2005—nearly six years before the WTPA's enactment. (Compl. ¶ 11.)  Thus, to the extent she contends that Williams Lea failed to provide a wage notice "upon hire," that contention fails as a matter of law because no such requirement existed when Williams Lea hired her.

*Second*, the claim is plainly time-barred. Claims under the NYLL are subject to a six-year statute of limitations. NYLL § 198(3). Plaintiff's attempt to premise liability on events occurring at or around her 2005 hire falls well outside that limitations period and cannot be salvaged by conclusory pleading.

*Third*, Plaintiff's alternative reliance on NYLL § 195(2) fares no better. There is no private right of action for violations of NYLL § 195(2), only for violations of §§ 195(1) and 195(3).  *See* NYLL §§ 198(1-b), (1-d); *Rosa v. Park Ave. S. Mgmt. LLC*, 2026 WL 1485256, at *9 (S.D.N.Y. Apr. 30, 2026) ("courts have declined to infer a private right of action under § 195(2)"), *R&R adopted*, 2026 WL 1481843 (S.D.N.Y. May 26, 2026).

Moreover, § 195(2) requires notice only when specific changes occur to wage-related information—and even then, no separate notice is required if those changes are "reflected on [] wage statements." Yet Plaintiff offers nothing more than a boilerplate, conclusory assertion that "Defendants [sic] failed to provide Plaintiff . . . notice as required by NYLL § 195(2)." (Compl. ¶ 113.) She does not identify a single qualifying change, allege when any such change occurred, or plead that any purported change was not reflected in her wage statements. These threadbare allegations—amounting to nothing more than a rote recitation of the statute—fall far short of the pleading standard and cannot sustain a claim.

Accordingly, Plaintiff's Fifth Cause of Action should be dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, Plaintiff's Third through Sixth Causes of Action must be dismissed in their entirety.

11

Dated:  New York, New York            Respectfully submitted,
      June 26, 2026
                                      SEYFARTH SHAW LLP


                                    By:  */s/ Kyle D. Winnick*
                                        Kyle D. Winnick
                                        620 Eighth Avenue
                                        New York, New York 10018-1405
                                        (212) 218-5500
                                        kwinnick@seyfarth.com

                                        Noah A. Finkel (pro hac vice)
                                        233 South Wacker Drive, Suite 8000
                                        Chicago, IL 60606
                                        (312) 460-5000
                                        nfinkel@seyfarth.com

                                        *Attorneys for Defendant*

12

## CERTIFICATE OF COMPLIANCE WITH RULE 7.1(c)

Pursuant to Local Civil Rule 7.1(c), I hereby certify that the foregoing memorandum of law, prepared using Microsoft Word, contains 3,263 words, excluding the case caption, table of contents, table of authorities, signature block, and this certificate.

Dated: June 26, 2026

/s/Kyle D. Winnick
Kyle D. Winnick

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2026, the foregoing ***DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO PARTIALLY DISMISS*** and the documents identified herein, were filed with the Court and served in accordance with the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York, upon all counsel of record.

/s/Kyle D. Winnick
Kyle D. Winnick
*Counsel for Defendant*

14